O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCISCO PEREZ,                            )          NO. CV 14-2638-CJC (MAN)
                                            )
              Petitioner,                   )          ORDER:  DISMISSING PETITION AS
                                            )          SECOND OR SUCCESSIVE; DENYING
       v.                                   )          A CERTIFICATE OF APPEALABILITY;
                                            )          AND REFERRING PETITION TO NINTH
K. HOLLAND (WARDEN),                        )          CIRCUIT PURSUANT TO NINTH CIRCUIT
                                            )          RULE 22-3(a)
              Respondent.                   )
_____)

       On April 8, 2014, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition").  The Petition seeks federal habeas relief with respect to Petitioner's 1993 Los Angeles Superior Court conviction and sentence in Case No. TA020781 (the "State Conviction"), and it is the third federal habeas challenge to the State Conviction that Petitioner has filed in this district.

       Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On January 18, 2011, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 11-00541-CJC (MLG) (the "First Action").[1]  The First Action challenged Petitioner's State Conviction and raised two claims related to the trial court's handling of Petitioner's motion to discharge and/or substitute counsel and two claims alleging error in connection with the felony murder instructions and conviction.  On February 18, 2011, the First Action was dismissed with prejudice, based upon untimeliness.

On September 19, 2011, Petitioner filed another Section 2254 habeas petition in this district in Case No. CV 11-7723-CJC (MLG) (the "Second Action").  The Second Action again challenged Petitioner's State Conviction and raised various ineffective assistance of counsel claims.   On October 27, 2011, the Second Action was dismissed without prejudice, on the ground that the Second Action petition was second or successive under 28 U.S.C. § 2244(b) and Petitioner had not obtained leave to file it from the Ninth Circuit.[2]  Petitioner appealed, and on November 29, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 11-57125).[3]

This action is Petitioner's third attempt to obtain Section 2254 habeas relief in connection

---

[1]      Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this district and in the United States Court of Appeals for the Ninth Circuit.

[2]      Before the Second Action was dismissed, Petitioner improperly filed a Notice of Appeal with respect to then pending Report and Recommendation.  On January 11, 2012, the Ninth Circuit dismissed the appeal for lack of jurisdiction, noting that Petitioner's appeal from the October 27, 2011 Judgment was pending (Case No. 11-57031).  Undeterred and notwithstanding his properly pending appeal of the final Judgment, Petitioner unsuccessfully moved for reconsideration of the January 11, 2012 dismissal Order, and reconsideration was denied on February 1, 2012. Petitioner then filed a petition for certiorari, which was denied on June 5, 2012 (Case No. 11-9531).

[3]      On January 25, 2013, the Ninth Circuit denied Petitioner's motion for reconsideration.

with his State Conviction.  Petitioner challenges his sentence of life without parole under the Eighth Amendment and the California Constitution, and he asserts that he is entitled to be resentenced.

The Ninth Circuit's dockets show that Petitioner has not filed an application seeking leave to raise his present claims through a second or successive Section 2254 petition.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence.  *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must *first* obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here, and his earlier habeas petition was resolved adversely to him.  The untimeliness of the First Action "presents a 'permanent and incurable' bar to federal review," and

1  thus, the dismissal of the First Action "constitutes a disposition on the merits" for purposes of

2  Section 2244(b). McNabb, 576 F.3d at 1030 (citation omitted). The present Petition, thus, is

3  second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of

4  a section 2254 habeas petition for failure to comply with the statute of limitations renders

5  subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord* Murray

6  v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

7

8  Petitioner's challenges to his sentence, as alleged in the Petition, appear to rest, at least

9  in part, on the Supreme Court's decisions in Miller v. Alabama, ___ U.S. ___, 132 S. Ct. 2455

10  (2012), and Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011 (2010). The Court renders no

11  opinion regarding whether these claims satisfy the requirements of 28 U.S.C. § 2244(b)(2),

12  because it presently lacks jurisdiction to address the Petition. Whether or not the claims alleged

13  in the Petition may, as a *prima facie* matter, satisfy Section 2244(b)(2) is a question that, in the

14  first instance, must be presented to and resolved by the Ninth Circuit, not a district court.

15  Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a

16  second or successive Section 2254 petition raising the claims alleged in the instant Petition. This

17  Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549

18  U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second

19  or successive petition absent prior authorization from the circuit court). Accordingly, IT IS

20  ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action

21  without prejudice.

22

23  In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

24  United States District Courts, the Court has considered whether a certificate of appealability is

25  warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120

26  S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted,

27  and thus, a certificate of appealability is DENIED.

28

1    IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth

2  Circuit pursuant to Ninth Circuit Rule 22–3(a).

3

4    IT IS SO ORDERED.

5

6  DATED: April 14, 2014.

_____
                                CORMAC J. CARNEY
7                               UNITED STATES DISTRICT JUDGE

8

9

10  PRESENTED BY:

11  *Margaret A. Nagle*

12  _____
            MARGARET A. NAGLE
13  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28